1
2
3                         UNITED STATES DISTRICT COURT
4                              DISTRICT OF NEVADA
5                                      * * *
6    HAROLD CORDOVA,                          Case No. 3:19-cv-00388-MMD-CLB
7                          Petitioner,                       ORDER
8         v.
     ISIDRO BACA, et al.,
9
                         Respondents.
10
11   **I.    SUMMARY**
12          This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court
13   is Respondents' motion to dismiss. (ECF No. 26).[1] The Court finds that Petitioner Harold
14   Petitioner has exhausted his state-court remedies for Ground 2 of the amended petition
15   (ECF No. 13). Petitioner acknowledges that he has not exhausted Ground 3 but argues
16   that it would be procedurally barred in the state courts without excuse. The Court defers
17   determination of whether Petitioner can excuse the procedural default of Ground 3 to the
18   answer and reply.
19          Also before the Court is Petitioner's motion for leave to file exhibit under seal (ECF
20   No. 38). The Court grants this motion.
21   **II.   BACKGROUND**
22          The State of Nevada charged Petitioner with open murder with the use of a deadly
23   weapon. (ECF No. 27-2.) Pursuant to a plea agreement, Petitioner pleaded *nolo*
24   *contendere* to second-degree murder with the use of a deadly weapon. (ECF No. 14-2.)
25   The state district court convicted Petitioner accordingly. (ECF No. 14-3.) Petitioner did not
26   directly appeal the judgment of conviction.
27
28   _____
            [1]Petitioner filed an opposition (ECF No. 35), and Respondents filed a reply (ECF
     No. 40).

1       Petitioner filed a post-conviction petition for a writ of habeas corpus in the state

2   district court. (ECF No. 14-4.) The court appointed counsel, who filed a supplemental

3   petition. (ECF No. 14-5.) The court held an evidentiary hearing on Petitioner's claims.

4   (ECF No. 14-6.) After the hearing, the court denied the petition. (ECF No. 14-7.) Petitioner

5   appealed, and he filed an opening brief. (ECF No. 14-9.) The Nevada Supreme Court

6   affirmed. (ECF No. 14-11.)

7       Petitioner then commenced this action. This Court appointed the Federal Public

8   Defender, and Petitioner filed a counseled amended petition. (ECF No. 13.)

9   **III.   LEGAL STANDARD**

10       Before a federal court may consider a petition for a writ of habeas corpus, the

11   petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b).

12   To exhaust a ground for relief, the petitioner must fairly present that ground to the state's

13   highest court, describing the operative facts and legal theory, and give that court the

14   opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365

15   (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

16   **IV.   DISCUSSION**

17       **A.   GROUND 2 IS EXHAUSTED**

18       Ground 2 is a claim that Petitioner received ineffective assistance of counsel during

19   plea bargaining, resulting in a *nolo contendere* plea that was not knowing and voluntary.[2]

20   Petitioner alleges that he suffers from post-traumatic stress disorder, and that along with

21   his medication, made him unable to enter a valid plea. He further alleges that he did not

22   understand that a plea of *nolo contendere* is the equivalent to a plea of guilty. Regarding

23   counsel, Petitioner alleges that counsel failed to ensure Petitioner understood the

24   consequences of the plea and that Petitioner had the ability to enter a knowing and

25   voluntary plea. Counsel possessed Petitioner's medical records from the Department of

26   Veterans Affairs and the jail, and Petitioner alleges that those records should have alerted

27   counsel to the possibility that Petitioner might not have been competent.

28

---

[2]Ground 1 is the underlying claim that the plea was not knowing and voluntary.

1    The Court disagrees with Respondents that Petitioner did not present this claim to

2    the Nevada Supreme Court on appeal from the denial of his post-conviction petition.

3    Respondents are correct that Petitioner argued more that counsel failed to communicate

4    with Petitioner about possible defenses. (*See* ECF No. 14-9 at 24-28.) However, in that

5    argument Petitioner also argued that he wanted to proceed to trial and that he did not

6    understand the differences among pleas of *nolo contendere*, guilty, and not guilty. (*Id.* at

7    25-26.). Moreover, the Nevada Supreme Court noted that Petitioner claimed "that trial

8    counsel's lack of communication, coupled with his psychiatric issues and medication,

9    prevented him from understanding the consequences of his plea or the defenses

10   available if he went to trial." (ECF No. 14-11 at 3.) The Nevada Supreme Court then

11   analyzed that claim. (*Id.* at 3-4.) Petitioner might not have alleged the claim with as much

12   detail as he now does in Ground 2, but he alleged enough for the Nevada Supreme Court

13   to understand what his claim was. Ground 2 therefore is exhausted.

14       **B.    THE COURT DEFERS RULING ON GROUND 3**

15           **1.    Petitioner did not present Ground 3 to state courts**

16       Ground 3 is a claim that Petitioner's trial counsel had a conflict of interest. Two

17   attorneys with the Washoe County Public Defender's office represented Petitioner. The

18   public defender's office also represented a jailhouse informant who told police about

19   incriminating statements that Petitioner told the informant. Petitioner acknowledges that

20   he did not present this claim in his state post-conviction proceedings. (ECF No. 13 at 14.)

21           **2.    Ground 3 is technically exhausted**

22       Petitioner notes that if he returned to state court to exhaust Ground 3, then the

23   state courts would find his new post-conviction petition to be untimely under NRS §

24   34.726(1) and successive under NRS § 34.810. Both of these statutes allow a court to

25   excuse the procedural bars upon a showing of cause and prejudice. Petitioner notes that

26   his only argument for cause and prejudice is the ineffective assistance of post-conviction

27   counsel. The Nevada Supreme Court does not accept ineffective assistance of post-

28   conviction counsel as an excuse to the procedural bars in a case like Petitioner's. *See*

1   *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Consequently, no available procedure

2   remains for Petitioner to raise this claim in the state courts. *See* 28 U.S.C. § 2254(c).

3   **3.    Ground 3 is procedurally defaulted**

4   Because the state courts would deny relief based upon state-law reasons that are

5   adequate and independent of federal law, Ground 3 is procedurally defaulted. This Court

6   cannot consider Ground 3 unless Petitioner can show cause and prejudice.

7   In federal courts the ineffective assistance of post-conviction counsel can be cause

8   and prejudice to excuse a procedurally defaulted claim of ineffective assistance of trial

9   counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner makes this argument. (ECF

10  No. 35 at 10-16.) Petitioner also asks the Court to defer resolution of the *Martinez* issue

11  until the petition is fully briefed on the merits. (ECF No. 35 at 16-17.) Respondents agree.

12  (ECF No. 40 at 4.) The Court will follow that procedure.

13  **C.    THE COURT GRANTS LEAVE TO FILE EXHIBIT UNDER SEAL**

14  Petitioner's motion for leave to file exhibit under seal asks the Court to seal a

15  portion of the preliminary hearing transcript that also was sealed in the state district court.

16  This part of the preliminary hearing was held outside the presence of the prosecutor and

17  contains confidential information. The Court finds compelling reasons to file this document

18  under seal, and the Court grants Petitioner's motion. *See Kamakana v. City & Cty. of*

19  *Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

20  **V.    CONCLUSION**

21  It is therefore ordered that Respondents' motion to dismiss (ECF No. 26) is granted

22  in part. Ground 2 is exhausted. Ground 3 is unexhausted but is technically exhausted

23  because it would be procedurally barred by the state courts.

24  It is further ordered that the Court defers consideration of whether Petitioner can

25  demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012) to overcome

26  the procedural default of Ground 3 until after the filing of an answer and reply in this

27  action.

28  ///

4

It is further ordered that, within 60 days of entry of this order, Respondents must file an answer addressing all claims in the amended petition on the merits, under a *de novo* standard of review as to Ground 3, and also addressing whether Ground 3 is barred by procedural default under federal law.

It is further ordered that Petitioner will have 30 days from service of the answer within which to file a reply.

It is further ordered that Petitioner's motion for leave to file exhibit under seal (ECF No. 38) is granted.

DATED THIS 22nd Day of March 2021.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE